# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

EZEQUIEL APOLO-ALBINO,

Respondent,

v.

STATE OF WASHINGTON,

Petitioner.

No. 83552-1-I

DIVISION ONE

PUBLISHED OPINION

BIRK, J. — This appeal asks what showing a claimant must make to overcome a motion to dismiss under section .040 of the wrongly convicted persons act (Act), chapter 4.100 RCW, where the parties dispute whether the claimant's former conviction was vacated "on the basis of significant new exculpatory information." RCW 4.100.040(1)(c)(ii). We conclude section .040 requires a claimant to meet a burden of production to adduce evidence sufficient for a reasonable trier of fact to find the elements of a claim under the Act by clear and convincing evidence. Because Apolo-Albino meets this burden, we affirm the superior court's denial of the State's section .040 motion and remand for further proceedings.

I

In 2009, Apolo-Albino was convicted of two counts of child molestation. The State presented testimony from Apolo-Albino's children, B.G. and D.G., that he had molested them. Apolo-Albino maintained his innocence. In April 2015, the

No. 83552-1-I/2

Indeterminate Sentence Review Board released Apolo-Albino on an Immigration and Customs Enforcement detainer.

In September 2015, a referrer reported to Child Protective Services (CPS) that D.G. had reported that a foster parent had coerced her into testifying against her father, and that Apolo-Albino did not sexually abuse her. CPS investigated the allegation the foster parent had committed abuse by manipulating D.G.'s and B.G.'s testimony, and concluded the allegation was "FOUNDED," stating, "It appears that [the foster parent] coerced and emotionally manipulated [D.G. and B.G.] into testifying against their father and putting him in jail for more than 6 years." A special prosecutor investigated, but the prosecutor opined the recantations were not credible.

Apolo-Albino filed a CrR 7.8(b)(2) motion for relief from judgment and a new trial based on newly discovered evidence. Apolo-Albino included over 500 pages of documents, including recantations of the witnesses and the CPS investigation report. The State filed a separate motion to vacate Apolo-Albino's convictions under CrR 7.8(b)(5) ("[a]ny other reason justifying relief"), and to dismiss the charges under CrR 8.3(a) (dismissal by the prosecution). The State's motion argued the recantations were not reliable, but stated,

> [T]here seems to be little to be gained from re-litigating this eight-year-old case when the defendant has served his prison sentence, the abuse was limited to over the clothes sexual touching and the victims have recanted and now claim that no molestation occurred.
> Given these circumstances, the State . . . moves to dismiss this case with prejudice.

2

No. 83552-1-I/3

Apolo-Albino's attorney responded to the State's motion and proposed order with a one-line e-mail stating, "We have no objection to the court signing this order." The superior court entered an order stating in relevant part, "[T]he State's motion to dismiss with prejudice is granted for the reasons stated therein."

In September 2019, Apolo-Albino filed a claim under the Act. The State made a statutorily described motion to dismiss the claim for failure to establish by documentary evidence that the convictions were vacated "on the basis of significant new exculpatory information." RCW 4.100.040(1)(c)(ii). The superior court denied the State's motion. The superior court applied a "but for" test, stating, " '[B]ut for' the new evidence put forth in the defense's Motion for a New Trial, the prosecutor would not have brought a motion to dismiss 'in the interests of justice.' " The State sought and this court granted discretionary review.[1]

II

Before we can decide whether the evidence is sufficient to meet RCW 4.100.040(1)(c)(ii), it is necessary to determine the standard according to which

---

[1] In seeking discretionary review, the State argued among other things the trial court erred by adopting a " 'but for' " causation standard under the Act. On review, amicus curiae, The Innocence Network, citing Mackay v. Acorn Custom Cabinetry, Inc., 127 Wn.2d 302, 310, 898 P.2d 284 (1995), argues " '[T]he 'substantial factor' test" appropriately implements the statute.

The State moved to strike in part Apolo-Albino's answer to the amicus curiae brief of The Innocence Network, arguing Apolo-Albino did not argue "substantial factor" causation in the trial court and may not argue it for the first time on review in answer to an amicus brief. See Cummins v. Lewis County, 156 Wn.2d 844, 850-51, 133 P.3d 458 (2006) (the court will not review arguments first raised in a reply brief on appeal). The State alternatively asks that we consider its reply on this issue set forth in its motion. We deny the State's motion to strike but we grant its alternative motion. We conclude it is unnecessary to adopt either the "but for" or "substantial factor" standard under the Act.

3

we evaluate the evidence in a motion to dismiss under section .040 of the Act. Apolo-Albino argues in part that the court's role, at the section .040 motion to dismiss stage, is to ask "if a trier of fact could find" the elements of a claim are met. We agree.

The meaning of a statute is a question of law reviewed de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). "The court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Id. at 9-10. This requires "examination of the statute in which the provision at issue is found, as well as related statutes or other provisions of the same act in which the provision is found." Id. at 10, 11-12. The meaning of section .040 of the Act is informed by examination of section .060.

The Act lists six elements a claimant must establish to recover a judgment. RCW 4.100.060(1)(a)-(e); Larson v. State, 194 Wn. App. 722, 732-33, 375 P.3d 1096 (2016). At a trial on the merits, section .060 requires the claimant establish these elements "by clear and convincing evidence." RCW 4.100.060(1). Section .060 provides for consideration of certain factors in exercising "discretion regarding the weight and admissibility of evidence." RCW 4.100.060(3). Section .060 contemplates that claims under the Act may be tried to a jury. RCW 4.100.060(5). Thus, at trial under section .060, the element that a claimant's conviction was vacated on the basis of significant new exculpatory information, like the other elements, must be established to a specified standard of proof (clear and

convincing evidence), and potentially by a jury trial. This indicates the Act views the six elements as questions of fact.

Section .040 requires the claimant to meet the same six elements, and additionally a statute of limitations. RCW 4.100.040(1)-(2). While section .060 describes proof of the elements as being necessary to obtain a favorable judgment, section .040 describes its requirements as the preconditions "to file an actionable claim." RCW 4.100.040(1), .060(1). Section .040 lacks any standard of proof. While lacking any specified weight the evidence must carry, section .040 requires the first four elements, including the one at issue here, be "establish[ed] by documentary evidence." RCW 4.100.040(1). For the last two elements, under section .040 the claimant need only "state facts in sufficient detail for the finder of fact to determine" them. RCW 4.100.040(2). The claimant or a personal representative must verify the claim. RCW 4.100.040(4). Under section .040, the court or the attorney general may make a motion to "dismiss" the claim. RCW 4.100.040(6)(a). If the court dismisses the claim, it must give reasons in written findings of fact and conclusions of law. RCW 4.100.040(6)(b). The Act directs that review of a dismissal is de novo. RCW 4.100.050.

Section .040 requires only a showing that a claim is "actionable." RCW 4.100.040(1). That a claim be "actionable" is a lower threshold than certainty that a claim will succeed. Section .040's requirement, for two of the elements, that the claimant merely "state facts" in sufficient detail in a verified claim, suggests the inquiry at the .040 stage is whether the claim is supported by facts that would support recovery if a trier of fact believes them at a trial on the merits. RCW

5

No. 83552-1-I/6

4.100.040(2). And de novo appellate review implies that section .040 is concerned with a burden of production, because, unlike an ultimate burden of persuasion, whether a claimant has met a burden of production is generally determined as a matter of law. Cornwell v. Microsoft Corp., 192 Wn.2d 403, 412, 430 P.3d 229 (2018) (sufficiency of evidence to survive summary judgment); Hill v. BCTI Income Fund-I, 144 Wn.2d 172, 181-82, 186-87, 23 P.3d 440 (2001) (sufficiency of evidence to support verdict), abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1, 189 Wn.2d 516, 529-32, 404 P.3d 464 (2017); State v. Arbogast, 199 Wn.2d 356, 366-67, 506 P.3d 1238 (2022) (sufficiency of evidence to submit entrapment defense to jury).

The text and structure of the Act, and the contrasting requirements of sections .040 and .060, indicate section .040 is concerned with the existence of evidence sufficient to permit a trier of fact to find for the claimant at trial.[2] We hold RCW 4.100.040 establishes a burden of production, and the claimant meets this burden if the claimant adduces evidence sufficient for a reasonable trier of fact to find the elements of RCW 4.100.060(1) by clear and convincing evidence at trial.

III

The State argues the evidence is nevertheless insufficient for Apolo-Albino to meet the section .040 burden by documentary evidence that his conviction was

---

[2] We acknowledge some language potentially suggesting a different conclusion. Section .040 requires a claimant to "establish" the first four elements, and granting a motion to dismiss (but not denying one) requires "findings of fact" explaining the reasons for dismissal. RCW 4.100.040(1), (6)(b). These inconclusive signals do not overcome the indications that section .040 focuses on the existence of evidence, not its weight.

6

vacated on the basis of significant new exculpatory information. The State argues the court should not look past the face of the vacatur order, and the recantations in this case should not be viewed as exculpatory. We disagree.

A

The State argues a conclusion the vacatur was on the basis of significant new exculpatory information is foreclosed, because the court adopted the reasoning stated in the prosecutor's motion and the prosecutor believed the recantations were not reliable. The State argues the vacatur of Apolo-Albino's conviction was based on an " 'other reason' " under CrR 7.8(b)(5), not "newly discovered evidence" under CrR 7.8(b)(2). But the State acknowledges the prosecutor "referenced the recantations as one of three circumstances that led him to conclude that little would be gained by an evidentiary hearing." As a result, the court's order granting the State's motion to dismiss "for the reasons stated therein" relied on the recantations for at least part of the basis for the dismissal. In addition, our decision in Larson has already indicated that it is appropriate, at a trial on the merits under section .060, to consider in addition to the reasoning stated on the face of a dismissal the background facts supporting it.

In Larson, the court had vacated the criminal convictions of the claimants because of ineffective assistance of counsel, and the State had thereafter dismissed the charges based on insufficient evidence. 194 Wn. App. at 731. This court held the trial court erred in finding the claimants had not proven their convictions were vacated based on significant new exculpatory information. Id. at 738. The reason for the finding of ineffective assistance was that defense counsel

7

at the criminal trial had neglected to present available exculpatory alibi evidence. Id. at 737. As a result, though the vacatur referred only to ineffective assistance of counsel, "the existence of significant new exculpatory information was the sole basis for the criminal court's decision to vacate the convictions." Id. at 738. Under Larson, a trier of fact under section .060 of the Act may consider the background circumstances leading to a vacatur, beyond the face of the order.

This interpretation ensures the Act is available to those who can prove they are actually innocent but lack a particularized acknowledgement of innocence under the Criminal Rules. Such an acknowledgement may be lacking for multiple reasons. Quoting Jacqueline McMurtrie, The Unindicted Co-Ejaculator and Necrophilia: Addressing Prosecutors' Logic-Defying Responses to Exculpatory DNA Results, amicus curiae Washington Innocence Project points to reported instances of reluctance by authorities to acknowledge an erroneous criminal judgment even in the face of compelling evidence of innocence. 105 J. CRIM. L. & CRIMINOLOGY 853, 855 (2015) (documenting instances in which authorities sought to "explain away" exculpatory evidence or resort to "outlandish and insidious theories" against innocent suspects). The Act provides an avenue for claimants to establish actual innocence independent of institutional or other limitations of the criminal process to recognize an erroneous conviction.

B

The State argues that the recantation evidence in this case is not "significant new exculpatory information," and therefore cannot support Apolo-Albino's claim under the Act. Generally, to obtain a new trial in a criminal case based on new

evidence, the defendant must show among other things that the new evidence is material and would likely change the outcome at trial. State v. Williams, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). When the new evidence is a recantation, this inquiry focuses on whether the recantation is reliable. State v. Macon, 128 Wn.2d 784, 804, 911 P.2d 1004 (1996). Macon held a trial court did not abuse its discretion in refusing a new trial when it concluded at a hearing that a recantation was not reliable and so not material and not likely to change the outcome of the case. Id. at 803. The court said recantations are inherently suspect and said reliability must be determined in advance of the ruling on a new trial. Id. at 804. The State says the criminal court here never ordered a new trial, so never ruled the Macon standard was met, and so the vacatur cannot have been on the basis of significant new exculpatory information.

The State's argument is undercut by Larson's holding that "significant new exculpatory information" under the Act is broader in scope than "newly discovered evidence" under the Criminal Rules. 194 Wn. App. at at 733-35. In Larson, the criminal court had refused relief for newly discovered evidence, because the neglected alibi evidence had been available at the time of the criminal trial. Id. at 730, 733. This court interpreted the Act to permit claimants to rely on new evidence which merely had not been presented at the criminal trial. Id. at 736. Beyond this, the Act contemplates the ultimate question of innocence will be decided at a trial on the merits under section .060. Neither the absence of a particular proceeding in the criminal case, nor Macon, prevents Apolo-Albino from attempting to establish by clear and convincing evidence at a trial on the merits under section .060 that

9

his convictions were vacated on the basis of significant new exculpatory information.

The determinative question is whether Apolo-Albino can point to documentary evidence sufficient for a reasonable trier of fact to find by clear and convincing evidence he has established the disputed element of his claim under the Act. A CPS investigator documented that D.G. "disclosed that when she was in [the ] foster home she was made to lie and say that her biological father sexually abused her." The report stated B.G. disclosed "that [the foster parent] told her what to say about her father, that he touched her inappropriately." In an interview with prosecutors, D.G. explained, "she was crying and didn't want to send her dad to jail, but didn't feel comfortable telling the truth because she didn't want to get hurt by [the foster parent]. [D.G.] said that [the foster parent] threatened her before court that if she didn't do 'that' she would hurt her." Another parent present for some of the original statements by D.G. and B.G. later reported, " 'My feeling is that the kids were coached' " and described at least one other incident in which D.G.'s and B.G.'s foster parent encouraged another child to make an accusation of molestation. These and other statements led the CPS investigator to conclude the foster parent manipulated D.G. and B.G. into testifying against their father.

The State has argued D.G.'s and B.G.'s new statements are nevertheless not reliable, arguing some aspects are "demonstrably incorrect or false." The State pointed out D.G.'s and B.G.'s new statements describe abuse of other children, which those children deny. The State pointed to present motives by at least D.G. both to portray her father in a better light than was true and to retaliate against her

former foster parent based on more recent events. However, when the criminal court vacated Apolo-Albino's convictions, in addition to these arguments by the State, that court was presented with the above-summarized recantations together with the State's own reliance on them as part of its motion to dismiss. Under the Act, whether the vacatur was on the basis of significant new exculpatory information is a question of fact, and there is documentary evidence sufficient for a rational trier of fact to find in favor of Apolo-Albino on this issue by clear and convincing evidence.

We affirm the order denying the State's section .040 motion for the reasons stated in this opinion and remand for further proceedings.

_____
Birk, J.

WE CONCUR:

_____     _____
Coburn, J.                     Smith, C.J.

11